## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Marlowe et al.

v.

Av-Car Leasing Systems, Inc., et al.

January 7, 1987

Case No. (Law) 10865

By JUDGE ALFRED D. SWERSKY

The matter is before the Court on Plaintiff's Motion for Summary Judgment, which motion should be granted in part.

The question before the Court is which of two insurance carriers will afford primary coverage for an accident arising out of Plaintiff Marlowe's operation of a motor vehicle leased from the Defendant Av-Car Leasing Systems, Inc. Plaintiff Progressive Casualty Insurance Company is Marlowe's insurance carrier under the "Omnibus" provisions, and the Defendant Universal Underwriters Insurance Company is the insurance carrier for the Defendant Av-Car Leasing Systems, Inc.

Primary coverage rests upon Universal Underwriters Insurance Company, the Defendant. In such instances as this case presents, the Legislature intended, in Code of Virginia, § 38.2-2205 (formerly § 38.1-381(a3)), to place the burden on the insurance carrier for those in the selling, leasing, repairing, storing or parking business with certain exceptions. Those exceptions are where the automobile is being driven for purposes of demonstration to a prospective buyer; those which are loaned or leased to a person *as a convenience* during the repairing or servicing of a motor vehicle for such person; and those instances in which the motor vehicle is leased by such person for a period of six months or more. In these instan-

ces the omnibus coverage would be "other valid and collectible" insurance.

From the stipulations, the pleadings, and the argument of counsel, it is clear that the incident involving Mr. Marlowe does not come within any of the exceptions enumerated.

Defendant's reliance on this Court's opinion in *Dandridge, et al. v. American Service Center Leasing, Inc., et al.* (Law No. 9185), is misplaced. In that case, decided under former § 38.1-381(a3), the Court found that the leasing of the car by Plaintiff was in fact done as a convenience to the Plaintiff by a "business" which was engaged in the repair of his automobile. Clearly that is not the situation here.

For those reasons the Plaintiff's Motion for Summary Judgment will be granted as to the Declaratory Judgment determining that Universal Underwriters Insurance Company owes primary coverage to the Plaintiff Eugene Marlowe and a duty to defend all actions arising out of the July 31, 1984 accident. However, the Court cannot decide the question of attorney's fees and costs under Code of Virginia, § 38.2-209 (formerly § 38.1-32.1).

That Code section requires a finding of fact that Universal Underwriters was not acting in good faith when it denied primary coverage in this case. There are material facts obviously in dispute on this issue, and the Court reserves its right to rule on this pending the taking of evidence.

Mr. Roth should prepare an appropriate order granting partial summary judgment.